Good morning, Your Honor. Ronald McDonald on behalf of the United States Attorney's Office, the Middle District of Tennessee, I would request to save two minutes for rebuttal. Your Honor, this is a case based on the issue of whether the District Court had authority under 3582C to revisit sentences that it had previously imposed in two cases. I think it is significant that there are two separate cases here. One was a case involving conspiracy to distribute crack cocaine and powder cocaine. The second case involved an attempt by the defendant to obtain two kilograms of powder cocaine. The applicable guidelines as determined by the court at the original sentencing hearing was that the defendant was a career offender. The defendant faced a maximum of life imprisonment as to both of those cases, even under the provisions of the Fair Sentencing Act. Therefore, the applicable guidelines for both cases was the career offender guidelines, which was 262 months to 327 months. The government has arguing that the court had no authority under 3582C to revisit it. The court initially found that it did not have authority to revisit the sentence in what I would refer to as a powder cocaine case, but that it did have authority to revisit the sentence under 3582 in the crack cocaine case. Since the Fair Sentencing Act was passed subsequent to the sentencing, and I do understand that there are two different cases, and I know that there was a lot of discussion about the Fair Sentencing Act relating to the crack cocaine cases, but not relating to the powder, and about all of them sort of running together, but you don't disagree that she, well, tell me why you say she couldn't revisit the sentence, especially as it related to the crack cocaine case? Because 3582 is triggered if a guideline is subsequently lowered by the sentencing commission, and that guideline affects the applicable guidelines. Here, the applicable guidelines was the career offender guidelines. But didn't she specifically say, I'm not going to rely on the career offender guidelines, but didn't she say that? She said she disagreed with the career offender guidelines because one of the offenses, excuse me, let me back up. I don't know that she said I disagree with it. She thought that it was too harsh because one of the qualifying convictions was a conviction that occurred when the defendant was a juvenile and committed a rather serious armed robbery. So for those reasons, she said she was going to depart from the career offender guideline and impose the sentence I think approximately 22 months below the career offender, the bottom of the career offender guideline. But it was a mandatory minimum sentence, wasn't it? It was, well, at the time the court believed that the mandatory minimum sentence for the crack case was 240 months. Subsequently, Dorsey was decided and it would have been actually 120 months. At the time? At the time the court and the precedent in this circuit was that it was a 240 mandatory minimum for the crack cocaine case. At the time of sentencing, the sentencing court thought that she was going to the mandatory minimum and sentencing this defendant to the least possible sentence she could. In the crack cocaine case. She realized that the mandatory minimum for the powder cocaine case was 120 months, but she still sentenced the defendant to 240 months in that case also. And she said in the transcript, I feel that the mandatory minimum of 20 years is plenty of time. And she goes on to say 20 years is a long time, and I feel that the mandatory minimum of 20 years concurrent on these offenses is sufficient to meet all of the purposes of sentencing. And doesn't that show that she's basing this not on career offender guidelines, but on the mandatory minimums? And if that's the case, the Fair Sentencing Act would affect that, wouldn't it? It would not, because the applicable guideline here under the sentencing guidelines application notes and the pen book decision in this case, in this court, is that the applicable guideline was the career offender guideline. That's the guideline that the court reached before it made any type of departure. That's the starting point, and she says that in the sentencing hearing, and actually again said that in the resentencing hearing, that the starting point is the career offender guideline. And she buried or departed from the career offender guideline to reach the sentence that she ultimately decided. And for those reasons, since the applicable guideline was not affected by any change or amendment made by the sentencing commission, then it did not give the court authority under 3582C to revisit this particular sentence in both of these cases. The fact is, the only thing that changed, the defendant was actually sentenced after the Fair Sentencing Act was passed, and the only thing that really changed was that the Dorsey case was decided after the original sentence was imposed and said actually the defendant would have faced a mandatory minimum of 10 years on both cases. But that is, as has been pointed out in the recent Blewett case, that's a determination made by Congress and not a lowering of the guidelines by the sentencing commission. 3582 is triggered by an action by the sentencing commission to lower the guidelines. In this case, the applicable guideline was the career offender and there was no lowering of the career offender guidelines by the sentencing commission, which would have triggered 3582C. But don't we have to look at the basis for her sentence of deciding, at least one of the issues that we have to decide, and if that's the case, I'm looking at the transcript and she says, and this is in the second, the resentencing. And I think I'm on page 22 of that. She says, I decided to sentence the defendant to the minimum mandatory, ignoring the career offender enhancement to its guideline range for a lot of different reasons. And she says, I granted a resentencing because of the crack cocaine amendments and the Fair Sentencing Act. But again, I come back to this case is very similar to the Pembroke case in that the starting point was the career offender. And that's the guideline she started from. That's the applicable guideline and that has not been changed in a long line of cases in this circuit that say that 3582 does not apply to a defendant who is sentenced under the career offender guidelines. So even though she may have said, I'm going to go down to what I believe is the mandatory minimum for one of these cases, that still doesn't allow the court to revisit the sentence, the 3582, because the starting point, the applicable guideline range, was the career offender guideline range. And that never has been, that was not changed by the sentence. I'm aware that the probation department went through the calculations in the pre-sentence report and she looked at all of those and actually went through the colloquy that embraced at least the reasoning behind those calculations. But then she said that it was her experience that normally, 14 years old, you would not see somebody being tried as an adult at 14. And so she goes on and says that's why she doesn't think that applies. And I think that's where the real crux of this comes in, in terms of, I'm not sure that there's anything equivocal in the record that she found that the career offender guideline was the applicable guideline range. And, you know, maybe that's just the difference in our interpretation of the transcript. Well, it's my recollection that in both the original sentencing hearing and also in the re-sentencing hearing, she said, the starting point that we have is the career offender guideline. The defendant is a career offender under the guidelines and that's the starting point. And as I said, she even reiterated that when it came time for the re-sentencing hearing. She said again, he's a career offender, but I'm departing from that. Her disagreement really was that she thought that particular guideline range was excessive in light of the fact that one of these convictions took place when he was 14. She never really made the kind of statement that said, for instance, that I disagree with the crack cocaine versus powder cocaine ratios. It was clearly just a matter of saying, I really think that a career offender sentence is excessive and therefore that makes that the applicable guideline range. Once she determined that was the applicable guideline range, just like in Pembroke, she then departed from that and then went down to at least 240 months on both cases. And so that being the applicable guideline range, that hadn't been changed. She may have disagreed with the career offender, but the career offender was the starting point for her. And I think she said that, as I said, in both hearings. And she departed from that in making what she thought was the appropriate sentence in both cases. And the fact that the applicable guideline range here was the career offender, not the drug-based guideline, the defendant is not entitled to be re-sentenced under 3582. I think we have the argument well in hand. Sorry? Unless you have a better argument, I think we have the argument in hand. Your Honors, may it please the Court, I'm Michael Holley. I represent Mr. Joe Webb. Morning. Morning. Actually, your opposing counsel says that the original sentence was not based on a sentencing guideline that was subsequently reduced. So the district judge was not entitled to utilize section 3582C2 as she did. End of story. So we have to reverse, even if we think that what she did was entirely reasonable. She didn't follow any proper sentencing procedure. That's a pretty compelling argument, don't you think? Well, no, your Honor. And I think there are two parts to his argument. There's the one part that he made in the district court, and there's the part that he's tagged onto pages 17 and 18 of his brief on appeal. Now, the first part that he's made below turns on the language based upon the sentencing range that's been lowered, but based upon the part. And this Court's decision in Jackson controls that. In Jackson, the defendant was a career offender. The district judge buried down to the drug guideline range. In this case, Mr. Webb was a career offender. The court buried down to the drug guideline range, which is the 241. But there has to be a subsequently lowered guideline range that was reduced, and the only one that she was seeking to utilize was to crack cocaine. The only difference was that Dorsey... And it has to be consistent with the... It can't be inconsistent with the policy statements of the guidelines either, but I think, Your Honor, you're going to the part that the government's raised in its brief that Mr. Webb's range was 240 at sentencing only because there was the mistake about not forcing Dorsey, because the Department of Justice was insisting it's 20 years, when in fact it was 10. In fact, even at the time of sentencing, his mandatory minimum really was 10, and his guideline range was 188 to 235. And when we came back for resentencing, that's how it was. 188 to 235 as mandatory minimum was now truly recognized to be 10. So it's true that there was not a change in that range. It didn't change from 188 to 235. But the government... In other words, the career guidelines range was not subsequently lowered. It was the crack cocaine guidelines, and that's not the way she articulated her... the way she arrived at this sentence. Your Honor, it really has to do with what the government argued below. They did not challenge the idea that, well, the drug range has stayed the same the whole time because Mr. Webb was sentenced after the Fair Sentencing Act and after the guidelines had already been reduced. His range was... You're talking about the crack cocaine guidelines that were reduced. That's right, Your Honor. But her starting point was the career appendix as the basis for her sentence calculation. Yes, Your Honor, and this goes to what they argued below, which is... What they argued below is the career offender guideline was the applicable guideline range in the original sentencing, and it still is the applicable guideline range. And that's the only thing that you can say the judge based her decision on, which is exactly what the court looked at in Jackson, was that dynamic, that statutory term based on a sentencing range. In Jackson, the court held that, you know, when the judge buries down from the career offender range down to the drug range, it's fair to say, the court said to Jackson, it's fair to say that the judge based it on the drug range. And that's what Jackson held, and that's what the district judge here said. So she based her decision on the statutory minimum, or what was perceived to be the minimum, did she not? Yes, she based it on that, and that is what she has said in her... But if you base it on the statutory minimum and the guidelines change, how does she have the authority then to come back? Well, the original sentencing, the statutory minimum was the guideline range. As this court has said... But it's still the statutory minimum. It's both things, Your Honor. If it's the statutory minimum, retroactive amendments to the crack cocaine guidelines aren't effective on that point. Um, Your Honor... I'm going to ask a question. It's not a statement. Yes, Your Honor, and this goes to the point that they're raising on pages 17 and 18 of their brief. It's not raised in the district court, which is, you know, the guideline range... We care whether they raised it there or here? Isn't it the fact that the judge either had the authority or didn't? Well, if they only raised it here, it's subject to plain error review, and as I've argued, they certainly don't meet all the standards, for reversal and plain error review. Uh, they... And they have not denied that plain error applies. I asserted that in my brief. They didn't respond to that point at all. But a plain error review standard, in this context, is probably a red herring because if the judge didn't follow the prescribed legal sentencing procedure, then there's no way you would come out ahead even on plain error review. Even if the judge followed the proper procedure, she didn't. Your Honor, for the government to get relief on plain error review, they'll have to prove that a substantial right of theirs has been violated. They have not identified any substantial right. They haven't tried to. And in fact, they don't have a right to go along with this sentencing without raising this issue, implicitly endorsing this view and then changing their position on appeal, which is what happened here. Um, and also it's not a... It does not impugn the integrity of the court's suggestion of fairness to correct Mr. Webb's sentence. But of course, your opponent says that the Jackson case is inapplicable because it involved a direct appeal of a sentence not eligible for a sentence reduction pursuant to 3582C2. Um, so, in that case, the district judge departed from the career guideline range, noting the court's disagreement with the crack cocaine guidelines and the disparity in sentencing of the power of cocaine, etc. Um, and that sentence wasn't, I guess, ultimately made based on the crack cocaine guideline. But your opponent is attempting to argue that Jackson doesn't apply here. Yeah, Jackson applies because it applied 3582C. It held that Mr. Jackson was eligible for resentencing under 3582C under the statutory terms. That case, um, the en banc review was denied. It went back to the district court. Mr. Jackson got relief. Um, there's no difference. And when the court interprets the statutory language, it does so authoritatively. Um, now, uh, just to make it clear about this second issue that they're raising now in appeal, um, we had another case that I presented to the district judge and brought up in my briefing. Ricky Davis. This is a man who's just like Mr. Webshoes except he wasn't a career offender. He went to his sentencing after the Fair Sentencing Act. Uh, at that time uh, everyone thought that a five-year mandatory minimum applied, so they decided his crack range was 60 to 63 months instead of 51 to 63 months. And then, uh, Mr. Davis came back to get relief under 3582C after Dorsey and they realized oh, his range, uh, really is 51 to 63 and they let him, and the government expressly conceded that he should be able to come back into court under 3582C even though the only change was Dorsey. There was no change in his range the only change was Dorsey. Just like this case, except not a career offender. And I pointed that out to the court uh, cut and pasted from the government's concession in that case, the position they expressly decided to take. And Davis they could have said he should go through 2255C but they didn't. They wanted to go through 3582C. I may be cynical, but I may be because there's at least a Florida sentencing there. Uh, that's the position they took in Davis. And in this case, I said alright, so that's the government's position uh, we'll assume they're taking their Davis position. I laid it out there. The government didn't say a word about it. They accepted that. They accepted all that is the state of the law and the situation. The only basis they gave for challenging this was that it wasn't based uh, the district court's original sentence was not based on uh, the drug range. Instead it was supposedly based strictly on the career offender range. Even though, just like in Jackson, she had varied down from the career offender range to the drug range. So that's why that's why the government should not give relief on plain air review. They endorsed that type of error. Uh, they they stood by while it was uh, the issue was expressly raised by me, and they endorsed it. They can't just turn around on appeal and change their position and claim the substantial rise in my weight. Um, and as for the, what did the district judge base her original sentence on? Uh, district judges are given authority over finding facts. If they find a fact uh, it's only reversed for clear air. It's the kind of thing the district courts are entrusted with. Especially when they're deciding what they base their own decisions on. Uh, and the first circuit in this situation said the easy, easy solution for this is to ask the district judge, well what did you base your decision on? Uh, in this case the judge has already told us. She said at the resentencing hearing it's clear as day that she based her decision on the drug range. And so, unless she's not telling the truth, unless she's clearly erred about what she had done then this court should not disturb that. Um. We have to accept that even if what she said at the initial sentencing was, doesn't support that statement? I'm sorry your honor. We have to accept that statement even if what she said at the initial hearing at the sentencing hearing doesn't support it? I, I think if it were clearly erroneous, your honor, then uh, the court would not have to accept it. There's certainly nothing in the original sentencing hearing that would say that she's wrong about that. Is there any reference to drug cocaine as a basis for the sentence in the original sentencing? Well, the reference to it is that she thinks she's going as low as she can to the statutory mandatory minimum which is the same as the drug range. Because the 188 to 235 month drug range becomes 240 months. But in this court's precedent it's different, isn't it? If you look at cases like McPherson or Redding or if you look at Blewett uh, doesn't the court say that uh, the mandatory minimum is different from retroactive amendments to the crack cocaine guidelines? Haven't we been down this road just a minute ago? Uh, well, yes your honor, there's a difference in those mechanisms but if you're just talking about your sentencing and the judge is asking what is the crack cocaine guideline range and she's faced with a range of 188 to 235 from the guidelines and the mandatory minimum is 240 months then according to this court and Joyner and other cases the drug guideline range becomes 240 months. That's true. Yes, your honor. Well, a mandatory minimum sentence is not affected by there's nothing in the crack cocaine guidelines as such uh, the retroactive amendments to those guidelines would affect the mandatory minimum Isn't that what Blewett teaches you? Yes, your honor, and that goes back to what the government the government's issue on plain error, that they accepted this as the state of the law and all being correct, you know, coming from the Ricky Davis case and brought over to this case and they accepted all that and they stood in front of Judge Trauger and said, well, you know that's how that is, that, you know that's, we're they didn't expressly say it, but they accepted their position from the Ricky Davis case and the only grounds they challenged us on was saying, well, Pembroke rules Pembroke rules notwithstanding Jackson, notwithstanding Freeman and notwithstanding Judge Trauger's finding that what she based the original sentence on was the which was the 240 months unless there unless there are further questions are there any further questions, your honor? No, it seems that there are not Okay, thank you Judge Dunlap, I wanted to respond to questions you asked me about the applicable guideline range in the original sentencing hearing at page 22 which is ID number 459, the court said the range with the career enhancement is the proper place to start because Mr. Webb does qualify as a career offender and so the starting point is an offense level of 34 and a criminal history of 6 I would also point out that even when she decided that she in the second or the resentencing hearing again at page 2 of that hearing which I believe is ID number 2174, she said Mr. Webb qualifies under the advisory guideline system as a career offender, therefore his offense level is 34, so I would submit that that shows that the applicable guideline range as determined by the court was the career offender guideline but even if you were to say she was really considering the drug guidelines, the only thing that changed from the first sentencing hearing to the second sentencing hearing was the application of the 10 year mandatory minimum as opposed to the 20 year mandatory minimum and 3582 specifically requires that there must be some type of lowering of the guideline range by the sentencing commission and as the Blewett case points out, the changing of the mandatory minimum is not such a lowering of the guideline range by the sentencing commission, it's an act of Congress and therefore since between the first hearing and the second sentencing, there was no reduction of the applicable guideline range by the sentencing commission therefore the judge did not have the authority to revisit either one of the sentences in either one of these cases. What about your not speaking up in the district court? I'm sorry. A statement was made that there's plain error of you because the government didn't in fact endorse the error. I think the Dorsey, at the time that the defendant was originally sentenced the precedent in this circuit was that the mandatory minimum under the statute before the Fair Sentencing Act did apply, so I think the government was following the precedent that existed at that time before Dorsey was decided. What substantial right of the government was affected if there were plain error of you? In fact, the defendant was sentenced originally as a career offender and therefore if he is resentenced under a whole other type of basically relying on a new guideline range at this point, it's not correct. I think the government is courageous by the fact that this defendant who the court both times found was a career offender is now allowed to be sentenced under a substantially less sentence. It went all the way from the bottom of the guideline which was 262 months to a sentence of 188 months. That's a substantial difference. Thank you. Thank you. And the case is submitted. Thank you.